UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUAN LE DO,<br><br>               Petitioner,<br><br>v.<br><br>Jeremy CASEY, Warden, Imperial<br>Regional Detention Center, et al.;<br><br>              Respondents. | Case No.:  26-cv-938-BJC-BLM<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 1]** |

On February 13, 2026, Tuan Le Do ("Petitioner") filed a petition for a writ of habeas corpus. ECF No. 1.  On March 9. 2026, Respondents filed a return, ECF No. 5, and on March 16, 2026, Petitioner filed a traverse.  ECF No. 6.  For the reasons set forth below, the Court **GRANTS** the petition.

## I.    BACKGROUND

Petitioner is a native and citizen of Vietnam.  ECF No. 1 at 5.  On August 21, 2024, Petitioner entered the United States without inspection near the Southwest border.  *Id.*  That same day, U.S. Border Patrol arrested and detained Petitioner.  *Id.*  The officers then issued a Notice to Appear, thereby initiating removal proceedings and charging Petitioner as an arriving alien inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i).  ECF No. 5 at 2.  On August

22, 2024, Petitioner was released on Order of Recognizance and under Alternative to Detention supervision. Id. Upon his release, Petitioner timely filed an application for asylum. ECF No. 1 at 5.

On June 7, 2025, Petitioner was re-detained by Immigration Customs and Enforcement ("ICE"). ECF No. 5 at 2. On July 24, 2025, an immigration judge denied Petitioner's application for asylum but granted Petitioner withholding of removal. *Id.* On July 29, 2025, ERO contacted Removal and International Operations Headquarters (HQ-RIO) in Washington, D.C., for assistance with identifying a third country and obtaining a travel document for removal purposes. *Id.* No third country has been identified at this time. *See id.*

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a district court has the authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The petitioner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III.   DISCUSSION

Section 1231 governs the arrest and detention of noncitizens subject to a final removal order. *See* 8 U.S.C. § 1231. It directs the Attorney General to effectuate removal "within a period of 90 days," known as the "removal period," during which detention is authorized. § 1231(a)(1)–(2). In *Zadvydas*, the Supreme Court clarified that detention beyond the removal period is presumptively lawful for up to six months; after that, a noncitizen may make a prima facie case for relief by sharing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," at which

point the burden shifts to "the Government [to] respond with evidence sufficient to rebut that showing."  533 U.S. at 701.

The Court finds that Petitioner has satisfied his burden under *Zadvydas*.  Petitioner was ordered removed in July 2025, ECF No. 5 at 2, and the six-month presumptive detention period has expired.  No travel documents have been obtained at this time.  *Id.* While Respondents contend that detention remains lawful because they are making affirmative efforts to secure a third country for removal, the Court finds that mere good-faith efforts is insufficient under *Zadvydas*.  *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1081–82 (9th Cir. 2006) (holding that the government lacked authority to detain an individual indefinitely under § 1231 where removal was not reasonably foreseeable despite ongoing diplomatic efforts).  Continued detention must be justified by a significant likelihood of removal within a reasonably foreseeable period, and Respondents have failed to meet that standard.

### IV.   <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS**:

1.  The petition for writ of habeas corpus is **GRANTED**.

2.  Respondents shall immediately release Petitioner under the previous set conditions when he was released on August 22, 2024.

3.  Respondents are **ENJOINED** from re-detaining Petitioner under 8 U.S.C. § 1231(a)(6) unless and until Respondents obtain a travel document for his removal.

4.  Respondents are **ENJOINED** from re-detaining Petitioner without first following the procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.

5.  Respondents are **ENJOINED** from removing Petitioner to a third country unless they adhere to the following procedures:
    a.  provide written notice to Petitioner, in a language he can understand and to his counsel;
    b.  provide Petitioner a minimum of ten (10) days to raise a fear-based claim for CAT protection prior to removal;
    c.  if Petitioner demonstrates reasonable fear of removal to the country,

26-cv-938-BJC-BLM

Respondents must move to reopen Petitioner's removal proceedings;

d. if Petitioner is not found to have demonstrated a reasonable fear of removal to the third country, Respondents must provide a meaningful opportunity, and a minimum of fifteen (15) days for Petitioner to seek reopening of his immigration proceedings.

6. The Clerk of Court shall close this matter.

**IT IS SO ORDERED.**

Dated:  April 2, 2026

Honorable Benjamin J. Cheeks
United States District Judge

26-cv-938-BJC-BLM